UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Circuit Mediation Office
Phone (415) 355-7900 Fax (415) 355-8566
http://www.ca9.uscourts.gov/mediation

# MEDIATION QUESTIONNAIRE

The purpose of this questionnaire is to help the court's mediators provide the best possible mediation service in this case; it serves no other function. Responses to this questionnaire are *not* confidential. Appellants/Petitioners must electronically file this document within 7 days of the docketing of the case. 9th Cir. R. 3-4 and 15-2. Appellees/Respondents may file the questionnaire, but are not required to do so.

| | |
|---|---|
| 9th Circuit Case Number(s): | 13-57019 |
| District Court/Agency Case Number(s): | 5:12-cv-01354-JGB-OP |
| District Court/Agency Location: | Central District of California |
| Case Name: | Jeff Hibler v. Santander Consumer USA, Inc. |
| If District Court, docket entry number(s) of order(s) appealed from: | Docket Numbers 29, 35 |
| Name of party/parties submitting this form: | Proposed Intervenor/Appellant Henry Espejo |

**Please briefly describe the dispute that gave rise to this lawsuit.**

This lawsuit concerns Defendant Santander Consumer USA, Inc.'s ("Santander") alleged making of repeated and voluminous debt collection telephone calls to a putative class of individuals throughout the country without first obtaining those individuals' prior express consent to do so, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). Proposed Intervenor/Appellant Henry Espejo ("Espejo") is one such individual who alleges that he received several hundred unauthorized debt collection calls from Santander.

Espejo is also the named-plaintiff and putative class representative in the consolidated matters captioned Espejo v. Santander Consumer USA, Inc., No. 11-cv-8987, which have been pending and litigated in the United States District Court for the Northern District of Illinois since December 2011 (the "Espejo action"). During that time, Espejo's attorneys were appointed interim lead class counsel pursuant to Fed. R. Civ. P. 23, and the parties engaged in briefing on substantive motions, written discovery, and several private mediations aimed at resolving the cases on a class-wide basis.

On August 2, 2013 and while settlement negotiations in the Espejo action were ongoing, Plaintiff Jeff Hibler ("Hibler") filed the underlying action and asserted identical claims for Santander's alleged violations of the TCPA on behalf of the very same class alleged in the Espejo action. Two weeks after filing the underlying action, Hibler and Santander proceeded to private mediation and reached a class-wide settlement that, if finally approved, would resolve all claims against Santander related to its alleged violations of the TCPA. Having reviewed the terms of the Hibler settlement and concerned that they would impair the interests of the putative class he represents, Espejo, inter alia, petitioned the District Court to intervene in the underlying action pursuant to Fed. R. Civ. P. 24(a)(2).

| Briefly describe the result below and the main issues on appeal. |
|---|
| The main issue on appeal is whether the District Court erred in denying Espejo's petition to intervene in the underlying action as of right pursuant to Fed. R. Civ. P. 24(a)(2). |

| Describe any proceedings remaining below or any related proceedings in other tribunals. |
|---|
| By Order entered November 27, 2013, the District Court set a scheduling conference for January 13, 2014. Additionally, the parties' and Espejo's briefing regarding the appropriateness of an absent class member objecting to a proposed class action settlement at the preliminary approval stage and whether Espejo should be permitted to do so (should Hibler ultimately seek preliminary approval of his proposed settlement with Santander) remains pending.<br><br>On December 2, 2013, the parties to the underlying action, including Appellant Espejo, filed a joint stipulation to stay the underlying action pending a private mediation session they anticipate will proceed in January 2014. The parties to the Espejo action filed a similar joint stipulation to stay that action pending the private mediation in January, which was entered by the Espejo court on December 5, 2013. |

| Provide any other thoughts you would like to bring to the attention of the mediator. |
|---|
| As referenced above, the parties to the underlying action and Appellant Espejo have agreed to proceed to a private mediation in January 2014. As such, Espejo respectfully requests that any mediation proceedings before this Court be held in abeyance pending the outcome of the January mediation and that the parties and Espejo inform the Court of the progress of the mediation (if any) in early February 2014 (or at such other date as the Court may set). |

Any party may provide additional information *in confidence* directly to the Circuit Mediation Office at ca09_mediation@ca9.uscourts.gov. Please provide the case name and Ninth Circuit case number in your message. Additional information might include interest in including this case in the mediation program, the case's settlement history, issues beyond the litigation that the parties might address in a settlement context, or future events that might affect the parties' willingness or ability to mediate the case.

## CERTIFICATION OF COUNSEL

I certify that:

☒ a current service list with telephone and fax numbers and email addresses is attached (see 9th Circuit Rule 3-2).

☒ I understand that failure to provide the Court with a completed form and service list may result in sanctions, including dismissal of the appeal.

| Signature | s/ Benjamin H. Richman |
|---|---|

("s/" plus attorney name may be used in lieu of a manual signature on electronically-filed documents.)

| Counsel for | Proposed Intervenor/Appellant Henry Espejo |
|---|---|

**Note:** Use of the Appellate ECF system is mandatory for all attorneys filing in this Court, unless they are granted an exemption from using the system. **To file this form electronically** in Appellate ECF, complete the form, and then print the filled-in form to PDF (File > Print > PDF Printer/Creator). Then log into Appellate ECF and choose Forms/Notices/Disclosure > File a Mediation Questionnaire.

# SERVICE LIST

**Counsel for Proposed Intervenor/Appellant Henry Espejo:**

Jay Edelson
Rafey S. Balabanian
Benjamin H. Richman
Edelson LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
*jedelson@edelson.com*
*rbalabanian@edelson.com*
*brichman@edelson.com*

Sean P. Reis
The Reis Law Firm APC
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Tel: (714) 352-5200
Fax: (714) 352-5201
*sreis@edelson.com*

**Counsel for Plaintiff/Appellee Jeff Hibler:**

Joshua B. Swigart
Hyde and Swigart
411 Camino Del Rio South, Suite 301
San Diego, California 92108
Tel: (619) 233-7770
Fax: (619) 297-1022
*josh@westcoastlitigation.com*

Seyed Abbas Kazerounian
Kazerouni Law Group APC
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Tel: (800) 400-6808
Fax: (800) 520-5523
*ak@kazlg.com*

Matthew M. Loker
Kazerouni Law Group APC
2700 North Main Street, Suite 1000
Santa Ana, California 92705
Tel: (800) 400-6808
Fax: (800) 520-5523
*ml@kazlg.com*

**Counsel for Defendant/Appellee Santander Consumer USA, Inc.:**

Abraham J. Colman
Felicia Yu
Janet M. Lee
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Tel: (213) 457-8000
Fax: (213) 457-8080
*acolman@reedsmith.com*
*fyu@reedsmith.com*
*jmlee@reedsmith.com*

Chad R. Fuller
Troutman Sanders LLP
11682 El Camino Real, Suite 400
San Diego, California 92130
Tel: (858) 509-6056
Fax: (858) 509-6040
*chad.fuller@troutmansanders.com*

## CERTIFICATE OF SERVICE

     I, Benjamin H. Richman, an attorney, hereby certify that on December 6, 2013, I served the above and foregoing *Mediation Questionnaire*, by causing true and accurate copies of such paper to be filed and served upon all counsel of record via the Court's CM/ECF electronic filing system, on this the 6th day of December 2013.

                                              /s/ Benjamin H. Richman